# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-051-MOC-DCK

| | |
|---|---|
| MICHAEL K GRANT, SR., | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| TIME WARNER CABLE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 3); and Plaintiff's "Motion To Remand" (Document No. 8). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be <u>granted</u>, and the motion to remand be <u>denied</u>.

## I. BACKGROUND

Michael K Grant, Sr. ("Plaintiff"), proceeding *pro se*, filed his "Complaint" (Document No. 1-2) on December 14, 2012, against Senior Counsel Labor, TWC, in the district court of Mecklenburg County, North Carolina. Plaintiff's single-page form Complaint consists of two statements or allegations, unsupported by any facts: "None payment of severance and services rendered. Discrimination based on Race, age and retaliation." (Document No. 1-2, p.1). Plaintiff does not allege any specific actions taken by anyone to discriminate or retaliate against him, and he fails to provide any facts to support his demand for severance. Notably, Plaintiff does not even allege when, where, or by whom, he was employed.

Time Warner Cable ("Defendant") filed a "Notice Of Removal" (Document No. 1) to this Court on January 25, 2013. Defendant alleges that it was improperly named in this lawsuit "as it was not a legal entity and it was not Plaintiff's employer." (Document No. 1, p.1, n.1). Defendant asserts that Plaintiff was employed by Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN"). Id. Defendant construed the Complaint as asserting claims under federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"). (Document No. 1, p.2).

On February 1, 2013, "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 3) was filed. "Defendant's Motion…" basically contends that the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it "is devoid of any reference to specific facts" and fails to state a plausible claim. (Document Nos. 3, 4).

The undersigned issued a "Roseboro Notice" (Document No. 5) on February 7, 2013, advising Plaintiff that he had a right to respond to "Defendant's Motion To Dismiss Plaintiff's Complaint" and that failure to "file a timely and persuasive response will likely lead to the dismissal of this lawsuit." The Court *sua sponte* allowed Plaintiff until on or before February 28, 2013, to file his response to the pending motion. (Document No. 5).

On February 27, 2013, Plaintiff filed a "Request For Continuance Of Defendant's Motion To Dismiss" (Document No. 6). The undersigned then issued an "Order" (Document No. 7) granting Plaintiff's request for continuance, and instructing Plaintiff to file a response to "Defendant's Motion to Dismiss…" on or before March 18, 2013. To date, Plaintiff has failed to file a response to "Defendant's Motion to Dismiss…" (Document No. 3).

On March 18, 2013, Plaintiff did file a "Motion To Remand" (Document No. 8). In that motion, Plaintiff asserts he "filed his First Amended Complaint" on March 15, 2013, withdrawing his claims under Title VII and the ADEA, "and, in turn, the basis for this Court's jurisdiction." (Document No. 8, p.1). Plaintiff has not filed an amended complaint with this Court, and apparently filed, or attempted to file, his First Amended Complaint in state court.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

3

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

In short, the undersigned finds that Defendant makes a persuasive argument for dismissal of this action. See (Document No. 4). The Complaint simply fails to come close to stating a sufficient and/or plausible claim pursuant to the standard set forth above. Even viewing the complaint in the light most favorable to this *pro se* Plaintiff, it is deficient. Not only does Plaintiff's Complaint fail to allege "enough facts to state a claim to relief that is plausible on its face," it fails to allege *any* facts to support a claim. See (Document No. 1-2); Iqbal, 129 S.Ct. at 1960.

In addition, Plaintiff has failed to file any response to the motion to dismiss, even after twice being allowed additional time to do so. (Document Nos. 5, 7). Plaintiff's "Motion To Remand" (Document No. 8) also suggests that Plaintiff has abandoned his claims for discrimination.

### IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 3) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Remand" (Document No. 8) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 22, 2013

David C. Keesler
United States Magistrate Judge