UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00051-MOC-DCK

| | | |
|---|---|---|
| **MICHAEL K GRANT, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TIME WARNER CABLE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff filed his Complaint (#1-2) on December 14, 2012, against Senior Counsel Labor, TWC, in the district court of Mecklenburg County, North Carolina. Plaintiff's form Complaint consists of two statements or allegations, unsupported by any facts: non "payment of severance and services rendered. Discrimination based on Race, age and retaliation." Id. at 1. Plaintiff does not allege any specific actions taken by anyone to discriminate or retaliate against him, and he fails to provide any facts to support his demand for severance, and plaintiff does not allege when, where, or by whom, he was employed. Based on such allegations, the magistrate judge concluded that "[n]ot only does Plaintiff's Complaint fail to allege 'enough facts to state a claim to relief that is plausible on its face,' it fails to allege any facts to support a claim." M&R (#9 at 4)(citations omitted).

Review of the pleadings in light of plaintiff's objections reveals that despite the magistrate judge granting plaintiff two extensions, plaintiff failed to file any response. It was only after the magistrate judge fully explored defendant's motion and entered his Recommendation that plaintiff responded in any manner by filing his objections and by filing a Motion to Amend Complaint. Such motion is insufficient on its face as no proposed Amended Complaint accompanied such motion. Further, the court has carefully reviewed plaintiff's objections in a light most favorable to him and cannot

2

conclude that there is any arguable basis for allowing this case to move forward as plaintiff cannot project a plausible set of facts that would support maintenance of his federal claims against this defendant. Factual contentions raised for the first time in an objection to an M&R are not properly considered. Beck v. City of Durham, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000); Materson v. Stokes, 166 F.R.D. 368, 372 (E.D. Va. 1996). Reading the legal contentions in the objections, it appears that plaintiff is attempting to amend his Complaint to delete any federal causes of actions so as to require a remand to state court; however, what plaintiff overlooks is that the court exercises supplemental jurisdiction over state claims brought with federal claims. Clearly, this action was properly removed based on the Complaint filed in state court as the Complaint is a snapshot in time. Brubaker v. City of Richmond, 943 F.2d 1363 (4th Cir. 1991). The issue which was fully addressed by the magistrate judge was whether plaintiff had stated any viable claim under Rule 12(b)(6), Federal Rules of Civil Procedure, which plaintiff has clearly not done and cannot do.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Objections of plaintiff are **OVERRULED**, the Memorandum and Recommendation (#9) is **AFFIRMED,**

defendant's Motion to Dismiss Plaintiff's Complaint (#3) is **GRANTED**, plaintiff's Motion to Remand (#8) and Motion to Amend (#10) are **DENIED** as moot, and this action is dismissed in its entirety without prejudice as to reasserting any state law claim in state court.

Signed: May 9, 2013

Max O. Cogburn Jr.
United States District Judge